UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

        Plaintiff,

-against-

MARGARET MATHIS a/k/a MARGARET E.
MATHIS, PARK AVENUE PROPERTIES INC.,
and JAWAM INC., d/b/a EMPIRE BAIL BONDS,

        Defendants.
-------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-6352

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 20 2016 ★

LONG ISLAND OFFICE

APPEARANCES:

    Kriss & Feuerstein LLP
    BY:   Jerold C. Feuerstein, Esq.
    360 Lexington Avenue, Suite 1200
    New York, New York 10016
    Attorneys for Plaintiff

    Margaret Mathis a/k/a Margaret E. Mathis
    8 Simpson Gate
    Manorville, New York 11949-3321
    Defendant Mathis, appearing *pro se*

WEXLER, District Judge:

    This is a case commenced by Plaintiff Eastern Savings Bank, FSB ("Eastern Savings" or "Plaintiff") seeking a judgment of foreclosure and sale on real estate premises located in Copaigue, New York. Plaintiff moves for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."). For the reasons stated below, Plaintiff's motion is granted.

-1-

## BACKGROUND

The procedural background of this case is largely undisputed. Plaintiff initiated this action in November 2013, alleging that Defendant Margaret Mathis a/k/a Margaret E. Mathis ("Mathis" or "Defendant") failed to make mortgage payments pursuant to the loan of $190,000.00 given her by Plaintiff on July 18, 2006. The complaint seeks a foreclosure pursuant to a mortgage and note secured by real property located at 285 40th Street, Copaigue, New York 11726. The complaint alleges that Plaintiff defaulted on the mortgage and note beginning in March 2013.

After Defendant Mathis failed to appear or respond to the complaint, a Certificate of Default was entered, and this Court entered a Judgment of Foreclosure and Sale on April 9, 2014.[1] Thereafter, Mathis appeared before this Court claiming to not have been served copies of the complaint, and following a court conference, Plaintiff and Defendant Mathis agreed to enter a Consent Order vacating the Judgment of Foreclosure and Sale as to Mathis. See ECF 42. Plaintiff and Mathis then engaged in discussions to determine if the parties could determine a loss mitigation workout option to resolve the existing default. Defendant Mathis submitted an answer asserting four affirmative defenses: failure to state a cause of action, fraud, unjust hands (for an usurious interest rate), and failure to act in good faith to resolve the loan. See ECF 41.

No loss mitigation resolution was reached, and Plaintiff now seeks summary judgment to secure a judgment of foreclosure and sale. In opposition, Defendant Mathis does not deny that

---

[1] A Certificate of Default was also issued against defendant Jawam Inc. d/b/a Empire Bail Bonds. See ECF 14. Defendant Park Properties Inc. filed a notice of appearance and waived service of all papers and proceedings. According to the complaint, those defendants each have a Suffolk County Court Judgment against Mathis.

she has failed to make the required payments due under the mortgage and the note, but states that she loves her home and requests that the bank "work with" her on her loan modification application.

## DISCUSSION

I. <u>Summary Judgment Standards</u>

The standards for summary judgment are well settled. Rule 56(a) of the Fed. R. Civ. Proc. states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); <u>Mihalik v. Credit Agricole Cheuvreux North America, Inc.</u>, 2013 WL 1776643 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See <u>Huminski v. Corsones</u>, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 160 (2d Cir. 2002) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)). As the Supreme Court has stated, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,

247-48 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) (quoting Research Automation Corp., 585 F.2d at 33).

II. Disposition of the Motion

Defendant Mathis has failed to establish any genuine issue of fact on Plaintiff's claim. Under New York law, to establish a *prima facie* claim to foreclose on a mortgage, a plaintiff must show: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." U.S. v. Paugh, 332 F.Supp.2d 679, 680 (S.D.N.Y. 2004) (citing U.S. v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)).

The Court finds that Plaintiff has established its *prima facie* case, and Mathis fails to show that any genuine issues of fact exist as to any elements of the claim. Nor does she provide any facts to support her merely conclusory affirmative defenses to rebut Plaintiff's *prima facie* case. She fails to provide any facts indicating that Plaintiff has acted fraudulently, or with unjust hands, or failed to act in good faith. Indeed, the Court notes that Plaintiff agreed to vacate the default that had been entered as well as the judgment of foreclosure and sale against Mathis in an attempt to work out a loss mitigation plan. The Court finds that Defendant has failed to show that any genuine issues of material fact exist, and grants Plaintiff's motion for summary

judgment.

## CONCLUSION

Plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit an Amended Judgment of Foreclosure and Sale within two weeks of this order.

SO ORDERED.

/s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 20, 2016